UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REVEREND WILL HARDEMAN, | No. C-07-2317 EMC |
| Plaintiff, | |
| v. | **ORDER RE SUPPLEMENTAL BRIEFING AND EVIDENCE** |
| FAUZIA FARZANA, *et al.*, | |
| Defendants. _____/ | |

Currently pending before the Court is Cross-Claimant Fauzia Farzana's motion for default judgment against Cross-Defendants Savindar K. Kattaura and Primewest Residential Loans, Inc. Having reviewed Ms. Farzana's motion, the Court hereby orders that she provide supplemental briefing and/or evidence as discussed below.

### I. DISCUSSION

In her cross-complaint, Ms. Farzana asserted two claims against Mr. Kattaura -- *i.e.*, implied contractual indemnity and equitable indemnity. However, in her motion for default judgment, Ms. Farzana asks for judgment on the equitable indemnity claim only. The Court therefore shall not address Ms. Farzana's claim for implied contractual indemnity and focuses instead on the equitable indemnity claim alone.

With respect to the equitable indemnity claim, the Court requires supplemental briefing and evidence in order to assess the propriety of a default judgment. *See* Fed. R. Civ. P. 55(b)(2) (noting that a court may conduct a hearing when, to enter or effectuate judgment, it needs to establish the truth of any allegation by evidence or investigate any other matter). Under California law,

> indemnity may be allowed in those fact situations where in equity and good conscience the burden of the judgment should be shifted from the shoulders of the person seeking indemnity to the one from whom indemnity is sought. The right depends upon the principle that everyone is responsible for the consequences of his own wrong, and if others have been compelled to pay damages which ought to have been paid by the wrongdoer, they may recover from him. Thus the determination of whether or not indemnity should be allowed must of necessity depend upon the facts of each case.

*Herrero v. Atkinson*, 227 Cal. App. 2d 69, 74 (1964).

In the instant case, Ms. Farzana seeks to have Mr. Kattaura and Primewest indemnify her for the entire amount that she paid to Plaintiff Will Hardeman as a settlement (*i.e.*, $36,667.74). It appears that Ms. Farzana contends that Mr. Kattaura and Primewest should pay for some or all of this amount, presumably because they caused the wrongdoing to Mr. Hardeman and was more culpable than her. *See* Mot. at 2 (characterizing herself as a "mere independent contractor loan agent"). However, based on the allegations in Mr. Hardeman's first amended complaint ("FAC"), Ms. Farzana played an integral role in the wrongdoing. For example, Mr. Hardeman alleged that:

- In 2006, Ms. Farzana used high-pressure sales tactics to get Mr. Hardeman to take out a loan, obtained the loan for him without getting him to sign any document, and failed to tell him about the terms and conditions of the loan, including the fact that the monthly payment would increase to $1,400 per month. *See* FAC ¶ 8.
- Within six months, Ms. Farzana pressured Mr. Hardeman to take out another loan and even gave him thousands of dollars to deposit in his bank account to increase the likelihood that the lender would approve his loan application. *See* FAC ¶¶ 9, 12.
- In April 2006, Ms. Farzana helped, among others, Primewest in preparing a fraudulent loan application -- *e.g.*, by notarizing documents that Mr. Hardeman had not signed. *See* FAC ¶ 13.

Notably, in her cross-complaint, Ms. Farzana incorporated by reference all of the allegations in the FAC. *See* Compl. ¶ 5. Although she did so "for the limited purpose of setting forth the nature of [her] claims and without adopting as true or correct any of the allegations in the First Amended Complaint," Cross-Compl. ¶ 5, the allegations have been implicated by virtue of the incorporation by reference and, given the allegations, the Court concludes that more information is necessary in

order for it to determine whether she is entitled to indemnification -- particularly for the full amount that Ms. Farzana paid in settlement.

More specifically, the Court needs more information about the roles played by Ms. Farzana and Mr. Kattaura, and Primewest with respect to Mr. Hardeman.

Ms. Farzana should explain the relative roles and culpabilities of the parties.

Ms. Farzana must also provide the legal authority establishing the right to indemnification under the established facts.

The supplemental briefing and/or evidence shall be filed within two weeks of the date of this order.

IT IS SO ORDERED.

Dated: October 1, 2008

_____
EDWARD M. CHEN
United States Magistrate Judge

3